**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CORPORATE SYNERGIES GROUP, LLC, | |
| *Plaintiff,* | Civil Action No. 18-13381 |
| v. | **ORDER** |
| GREGORY ANDREWS, SIMONE UR, GERARD DUFFY and ALLIANT INSURANCE SERVICES, INC., | |
| *Defendants.* | |

This matter comes before the Court by way of an Order to Show Cause for a Temporary Restraining Order, Preliminary Injunction and Expedited Discovery filed by Plaintiff Corporate Synergies Group, LLC ("CSG"), filed with a verified complaint and supporting memorandum of law.  D.E. 1.  The Court reviewed CSG's submissions (D.E. 1, 12) and Defendants Gregory Andrews, Simone Ur, Gerard Duffy, and Alliant Insurance Services, Inc.'s opposition (D.E. 11).  The Court further considered all other materials submitted in connection with the verified complaint and the parties' memoranda of law.  The Court also heard oral argument on September 4, 2018.  For the reasons set forth on the record[1] on September 4, 2018, and for good cause shown,

IT IS on this 5th day of September, 2018

---

[1] As stated on the record, CSG has sufficiently demonstrated a reasonable likelihood of success on the merits as to its breach of contract claim against Defendant Andrews concerning his violation of the non-solicitation provisions in Andrews' "Non-Solicitation and Confidentiality Agreement" with Plaintiff, D.E. 1-1; irreparable harm; that the balance of the hardships between CSG and Defendants weigh in favor of CSG; and the public interest favors the issuance of the temporary restraints.

**ORDERED** that Plaintiff's application for a Temporary Restraining Order is **GRANTED in part** and **DENIED in part** pursuant to Federal Rule of Civil Procedure 65; and it is further

**ORDERED** that Plaintiff's application for a temporary restraining order with respect to the solicitation of CSG employees and the misappropriation and use of confidential information and/or trade secrets is **DENIED**; and it is further

**ORDERED** that Plaintiff's application for a temporary restraining order with respect to the solicitation of CSG's clients or former clients[2] is **GRANTED** only as to Defendant Gregory Andrews. Defendant Andrews is restrained from directly or indirectly calling upon or soliciting CSG clients or former clients; and it is further

**ORDERED** the temporary restraints also bind those persons indicated in Federal Rule of Civil Procedure 65(d)(2); and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 65(c), CSG shall post security in the amount of a $100,000.00 bond; and it is further

**ORDERED** that Plaintiff's request for expedited discovery is **GRANTED in part** and **DENIED in part**. The parties are permitted to take limited discovery regarding the solicitation of CSG's clients and former/potential clients as well as the misappropriation and use of CSG's confidential information and/or trade secrets.[3] Plaintiff is limited to ten (10) document requests (which includes hard copy documents, electronically-stored information, and other tangible items)

---

[2] "Soliciting," "calling upon," "clients," and "former clients" are used herein as the terms are used in Defendant Andrews' "Non-Solicitation and Confidentiality Agreement" with Plaintiff. D.E. 1-1.

[3] "Confidential information" is used herein as the term is used in the relevant non-solicitation and confidentiality agreements involving Plaintiff and Defendants Andrews, Ur, and Duffy. D.E. 1-1, 1-2, and 1-3.

and ten (10) interrogatories on the two issues, and Defendants are limited to ten (10) document requests in total and five (5) interrogatories per defendant on the two issues. The document requests and interrogatories must be served by September 12, 2018, and responses must be served by September 19, 2018. Documents must be produced by October 3, 2018. In addition, Plaintiff and Defendants may take up to three (3) depositions each, for a total of six (6) depositions among the parties, by October 17, 2018[4]; and it is further

**ORDERED** that Defendants Andrews, Ur and Duffy must provide CSG with the passcodes to their CSG-provided cell phones by September 7, 2018; and it is further

**ORDERED** that the Court will schedule a preliminary injunction hearing (or a hearing for any other relevant relief), upon application from either party, after expedited discovery is completed.

John Michael Vazquez, U.S.D.J.

---

[4] If the parties can mutually agree upon an expanded scope of expedited discovery they need not obtain leave from the Court. The Court, however, will not expand the scope of this limited discovery upon a single party's application without a showing of good cause.