UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORPORATE SYNERGIES GROUP, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>GREGORY ANDREWS, SIMONE UR, GERARD DUFFY, BARBARA DIGGS and ALLIANT INSURANCE SERVICES, INC.,<br><br>*Defendants.* | Civil Action No. 18-13381<br><br>**ORDER** |

The Court previously entered an Order providing for temporary restraints and expedited discovery. D.E. 14. Currently pending, by way of an Amended Verified Complaint and supporting documents, is a motion for an expanded temporary restraining order filed by Plaintiff Corporate Synergies Group, LLC ("CSG"). D.E. 19, 20. Defendants filed opposition, D.E. 25-30, 32; and the Court held a hearing on September 28, 2018, D.E. 33. Pursuant to the Court's Order, D.E. 34, Plaintiff then filed a supplemental memorandum of law, D.E. 38, as did Defendants, D.E. 37. For the reasons set forth on the record on October 2, 2018, and for good cause shown,

IT IS on this 3rd day of October, 2018

**ORDERED** that Plaintiff's motion for an expanded temporary restraining order is **GRANTED in part and DENIED in part** pursuant to Federal Rule of Civil Procedure 65; and it is further

**ORDERED** that Plaintiff's motion is **GRANTED** as to Defendants Gregory Andrews, Simone Ur, Gerard Duffy, and Barbara Diggs (the "Individual Defendants") insofar as the Individual Defendants are preliminarily enjoined from the following:

1

For a period of two-years since the time the Individual Defendant left the employ of Plaintiff, the Individual Defendant shall not, directly or indirectly, by or for himself/herself, as agent or employee of another party, through others as his agent, or in any other capacity whatsoever:

a. Interfere or attempt to interfere with the business relationships, or persuade or attempt to persuade any client of Plaintiff to discontinue or alter such client's relationship with Plaintiff; or

b. Accept, solicit, call upon, service, procure or assist the acceptance, soliciting, calling upon, or servicing of any business from any clients of Plaintiff, or request, induce, advise or assist any other persons or entities to request, induce or advise clients of Plaintiff to withdraw, curtail or cancel their business with Plaintiff;

c. Clients shall mean any person or entity that was a client of Plaintiff and with whom the Individual Defendant worked while employed by Plaintiff during the one (1) year period before the Individual Defendant left Plaintiff's employ;[1]

and it is further

**ORDERED** that the injunction also binds those persons indicated in Federal Rule of Civil Procedure 65(d)(2), including Defendant Alliant Insurance Services, Inc.'s ("Alliant") and Alliant's employees, agents, and/or representatives; and it is further

**ORDERED** that the injunctive relief does not apply to "Former Client" or "Potential Client" as defined in Plaintiff's respective employment agreements with the Individual Defendants, but Plaintiff may make a future appropriate application as to this issue if Plaintiff can demonstrate that an Individual Defendant used Plaintiff's confidential information as to a "Former Client" or "Potential Client," and it is further

---

[1] As noted on the record, and in conjunction with Plaintiff demonstrating a reasonable likelihood of success on the merits, the Court considers the following actions to be prohibited by this language. The Individual Defendants cannot attend meetings with Plaintiff's clients, with or without another representative of Defendant Alliant Insurance Services, Inc. ("Alliant"). In addition, the Individual Defendants may not provide information concerning Plaintiff's clients to Defendant Alliant's sales representatives, whether in response to the client or not.

**ORDERED** that the Court is not ruling that the other portions of Plaintiff's employment agreements with the Individual Defendants are not otherwise enforceable or valid. Instead, the Court is ruling that the other portions of the employment agreements are not subject to injunctive relief at this time; and it is further

**ORDERED** that Alliant is not prohibited from soliciting, accepting, or servicing the business of Plaintiff's clients so long such solicitation, acceptance, or servicing is not done in contravention of this Order; and it is further

**ORDERED** that the Court's prior Order, D.E. 14, is hereby rescinded in light of this Order; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 65(c), CSG shall post security in the amount of a $100,000.00 bond. Plaintiff may accomplish this requirement through its previously posted security in response to the Court's prior Order, D.E. 14; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading, or appropriate motion, within the time specified by Federal Rule of Civil Procedure 12.

_____
John Michael Vazquez, U.S.D.J.